

**Justin R. Marino**, Principal   d: (212) 939 – 7228   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmarino@stevensonmarino.com

January 4, 2019

<u>**VIA ECF FILING**</u>

The Honorable Pamela K. Chen
United States District Judge
Southern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>*Jesus Gonzalez v. Q4 Hotel, LLC*
               18-cv-5523 (PKC) (RML)</u>

Dear District Judge Chen:

      This office represents the Q4 Hotel, LLC (the "Defendant") in the above-referenced matter. Pursuant to Your Honor's December 11, 2018 Order, Defendant submits the foregoing letter motion to dismiss (1) Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim or, in the alternative, (2) Plaintiff's Complaint pursuant to FRCP 12(b)(1) for lack of standing.

      Here, Jesus Gonzalez ("Plaintiff") has filed no less than *twenty-seven* (27) identical fifteen-page complaints in the Eastern and Southern Districts of New York since September 12, 2018, alleging each Defendant purportedly failed to provide requisite notices of accessible features on its website in violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *See* Exhibit 1 (Plaintiff's lawsuits). Plaintiff's counsel, on the other hand, has filed approximately *eighty-one* (81) of these lawsuits in the Eastern and Southern Districts of New York asserting the same claims on behalf of approximately four different plaintiffs since July 20, 2018. These lawsuits appear to have nothing to do with attempting to make reservations at hotels, but rather to extract settlements.

      Plaintiff's principal grievance is that Defendant's website (www.q4hotel.com) (hereinafter, the "Website") does not list, with specificity, the accessibility features of each room, common areas, and hotel amenities. *See* Complaint, ¶ 23 (a-s) (Dkt 1). Moreover, Plaintiff does not allege that he ever actually attempted to book a room with Defendant, but only that he sought to "learn about accessible features of the Hotel" at some point "[p]rior to filing this lawsuit." *See* Complaint ¶ 21.

      Plaintiff's pro-forma Complaint, which appear to have no material substantive differences than any of the other twenty-six (26) Complaints (other than typically changing the defendant's name and website), wholly fails to state a claim because Plaintiff cannot establish his *prima facie* case that he was denied the opportunity to participate in or benefit from Defendant's services given

the available auxiliary aid in the form of a staffed telephone line. Additionally, Plaintiff's Complaint must be dismissed for lack of standing because Plaintiff merely alleges that he was trying to "learn about accessible features of the Hotel" and never alleges that he was actually attempting to book a room for a specified intended travel. For the same reasons, as well as the fact the Court should decline supplemental jurisdiction, the derivative New York State and New York City analogous claims must also be dismissed.

**I.     PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE UNDER THE ADA**

Plaintiff cannot satisfy his *prima facie* case, which requires him to establish that he was denied the opportunity to participate in or benefit from Defendant's services or was otherwise discriminated against by Defendant, by reason of Plaintiff's disabilities. *See* 42 U.S.C. §12182(a); *Henrietta D. Bloomberg,* 331 F.3d 261, 272 (2d. Cir. 2003). A violation for failing to provide an opportunity to participate in or benefit from a Defendant's services occurs only in "the absence of auxiliary aids and services" or if an entity cannot demonstrate such modifications would fundamentally alter the nature of such goods, services, etc. *See e.g.*, West v. Moe's Franchisor, LLC*, 2015 WL 8484567, at *2 (S.D.N.Y. Dec. 9, 2015) (citing 42 U.S.C. § 12182(b)(2)(A)(ii). In other words, if a defendant provides an auxiliary aid or service that would otherwise remedy a disabled individual's ability to participate in or benefit from a Defendant's service, then there is no violation of the law.

The foregoing point is succinctly addressed by a series of lawsuits concerning the inability of the visually impaired to utilize digital soda machines, where users could select any variation of soda by touching a flat screen.[1] Plaintiffs in the Soda Machine Cases similarly claimed a violation of the ADA based on their inability to "independently operat[e] and us[e] the [soda machine] . . . . *West v. Moe's Franchisor, LLC*, 2015 WL 8484567, at *2 (S.D.N.Y. Dec. 9, 2015). Defendant Moe's argued that the existence of employees available to assist blind customers constitutes an "auxiliary aid and service," which was sufficient to accommodate plaintiff under the ADA. *Id*. at *2. The Court agreed, noting that "[n]othing in the ADA or its implementing regulations supports Plaintiffs' argument that Moe's must alter its Freestyle machines in a way that allows blind individuals to retrieve beverages without assistance." *Id*. at 3. The Court added that while technological additions to the soda machines may be both feasible and preferable, "effective assistance from Moe's employees acting as 'qualified readers' is sufficient." *Id*. at *3. The forgoing reasoning was subsequently adopted by other courts, resulting in the other soda machine cases to be dismissed with prejudice. *See Mary West, et al. , v. Five Guys Enterprises, LLC*, 15-cv-2845 (JPO), 2016 WL 482981, at *1 (S.D.N.Y. Feb. 5, 2016); *Dicarlo v. Walgreens Boot Alliance, Inc*., 15-CV-2919 (JPO), 2016 WL 482982 (S.D.N.Y. Feb. 5, 2016). As a result of these decisions, the undersigned is not aware of any further digital soda machine cases ever being commenced.

Here, Plaintiff's entire theory of the case is that "Defendant was *required* to ensure that all

---

[1] The following cases are hereinafter referred to as the "Soda Machine Cases": *See Mary West, et al. , v. Five Guys Enterprises, LLC*, 15-cv-2845 (JPO), 2016 WL 482981 (S.D.N.Y. Feb. 5, 2016); *West v. Moe's Franchisor, LLC*, No. 15cv2846, 2015 WL 8484567 (S.D.N.Y. Dec. 9, 2015); *Dicarlo v. Walgreens Boot Alliance, Inc*., 15-CV-2919 (JPO), 2016 WL 482982 (S.D.N.Y. Feb. 5, 2016) (same).

of its reservation systems, *including its online reservations systems"* include a plethora of notifications, descriptions, as well as "permit disabled individuals to independently assess whether the Hotel and its available guestrooms meet their individual accessibility needs." *See* Complaint ¶ 2 (citing 28 C.F.R. § 36.302(e)(1)) (emphasis added). Plaintiff is wrong on the law. The confusion arises in Plaintiff's references to generic terms in 28 C.F.R. § 36(e), such as "any means", "in the same manner," and "access independently" to suggest all the requirements are imposed upon websites. *See* Ptf. Br. P. 2 (Dkt. 11). This again, is incorrect.

As an initial matter, 28 C.F.R. § 36 was published in 1991, after the internet was in existence (but not as common place as it is today), yet there is no reference within the regulations to the internet or websites, in general. Reference to "websites" could have been included in the regulations (as "telephone", "in-person" and "through a third party" were – *see* 28 C.F.R. § 36.302(e)(1)), but was intentionally omitted. Moreover, Appendix A to 28 C.F.R. § 36 contains a website accessibility section, which specifically notes that while the Department of Justice has taken the position that "Title III covers access to websites of public accommodation," a

> *public accommodation[ ] with an inaccessible website also may meet its legal obligations by providing an accessible alternative for individuals to enjoy its goods or services, such as a staffed telephone information line."*

Appendix A to 28 C.F.R. § 36 (emphasis added).

Here, Defendant, like nearly all hotels, operates a telephone line which is staffed by an employee ready, willing, and able to make reservations and provide information concerning accessibility. Any accessibility inquiries can be addressed simply by picking up the phone and calling. The staffed telephone line, therefore, represents Defendant's auxiliary aid or service which eliminates any violation of law. Indeed, the employee who answers the phone is legally no different than an employee behind the counter in the Soda Machine Cases, who was found to be a sufficient auxiliary aid or service to enable a visually impaired individual to access the soda machine. Because Plaintiff allegedly attempted to access the website *remotely*, Defendant may provide the auxiliary aid or service to Plaintiff *remotely*. Plaintiff, however, would rather file *twenty-seven* lawsuits than pick up on the phone *once*.

Because Plaintiff's Complaint relies exclusively on the alleged lack of information on the Website and his inability to "independently" utilize the Website as the basis of a violation of law – all while ignoring the readily available auxiliary aid and service made available via the staffed telephone line – Plaintiff has failed to state a cause of action. *See* Complaint.

Notably, the DOL has not issued specific regulations as to what is and what is not required of websites. On September 25, 2018, however, the Department of Justice ("DOJ") issued a letter concerning website accessibility. In pertinent part, the DOJ stated:

> Absent the adoption of specific technical requirements for websites through rulemaking, public accommodations have flexibility in how to comply with the ADA's general requirements of nondiscrimination and effective communication.

The Honorable Pamela K. Chen
January 4, 2019
Page 4 of 5

*See* Exhibit 2, DOJ's Sept. 25, 2018 letter. Thus, the Appendix to Part 36 (which permits a staffed phone line as an auxiliary aid) coupled with the DOJ's September 25 letter (noting how public accommodations have "flexibility in how to comply" in the absence of specific technical requirements), defies the rigid, liberal construction of the ADA that Plaintiff requires in order to state a claim.

**II.     PLAINTIFF DOES NOT HAVE STANDING**

To satisfy standing requirements, a plaintiff must prove: "(1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *See Bernstein v. City of New York*, 621 Fed. Appx. 56, 57 (2d Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). A Plaintiff, like here, who seeks injunctive relief "must also prove that the identified injury in fact presents a 'real and immediate threat of future injury,' often termed 'a likelihood of future harm.'" *See Bernstein v. City of New York*, 621 Fed. Appx. 56, 57 (2d Cir. 2015) (citing *Shain v. Ellison*, 356 F.3d 211, 215-16 (2d Cir. 2004).

Here, Plaintiff, who resides in Florida (Complaint, ¶ 7) does not allege he tried to make a reservation and was unable to do so, but essentially alleges nothing more than on some *unspecified* date he was auditing the Website for compliance and may, one day, visit somewhere in "the New York City area." See Complaint, ¶¶ 9, 21, 26. Specifically, the following are the sole allegations that purportedly concern Plaintiff's standing:

- Prior to filing this lawsuit, Plaintiff visited the Website to learn about accessible features of the Hotel, and to independently assess whether the Hotel is accessible to him, and whether he could independently reserve an accessible room at the Hotel, in the same manner as those seeking to reserve non-accessible rooms. Upon his visit, Plaintiff discovered that the Website does not comply with the ADA and ADAAG. Complaint, ¶ 21.

- Plaintiff will visit the Website again upon the Defendant's compliance with the laws and regulations specified herein, in order to learn about the accessible (and inaccessible) features, learn about the accessible (and inaccessible) features of guestrooms, asses the extent to which the hotels meet each of their specific accessibility needs, and determine whether they can reserve an accessible guestroom. Complaint, ¶ 26.

- Plaintiff has family ties to the New York City area, and even unrelated to those ties, desires to travel to this District for leisure and vacation purposes, and to stay in a hotel accessible to him during those visits, and to access and reserve such accessible hotel rooms by using hotel websites. Complaint, ¶ 9.

The foregoing allegations are wholly insufficient to establish Plaintiff's prima facie case to assert standing. Standing, plainly, does not occur when someone merely audits a business for

The Honorable Pamela K. Chen
January 4, 2019
Page 5 of 5

compliance with the law, but rather when they are denied the ability to participate in or benefit from a defendant's services. Plaintiff has not sufficiently alleged that he ever sought to actually utilize Defendant's services or ever attempted to book a hotel room in New York for a specific visit. The Complaint lacks any of information needed to establish standing, such as whether he ever actually visited New York; whether he would ever visit the Queens location where Defendant's hotel is located; whether he would ever stay in a hostel-styled hotel where rooms are shared (Defendant's hotel is similar to a European hostel); etc.

Critically, Plaintiff also fails to identify the *date* when he allegedly visited the Website. *See* Complaint, ¶ 21. This alone renders the Complaint deficient, as there is no way to ascertain whether the purported injury is within or outside of the applicable statute of limitations. Accordingly, the Complaint should be dismissed for lack of standing.

### III.     PLAINTIFF'S DERIVATIVE CLAIMS SHOULD BE DISMISSED

Plaintiff also asserts NYSHRL and NYCHRL claims, which largely mirror his federal ADA claim. All of these claims, including his request for injunctive relief, should be dismissed because the New York state and city claims are governed by the same legal standards as the federal ADA claim. *See Rodal v. Anesthesia Grp. Of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004); *Hartnett v. Fielding Graduate Institute*, 400 F. Supp. 2d 570, 581 (S.D.N.Y. 2005) ("Claims for disability discrimination arising under the NYS Human Rights Law or New York Civil Rights Law § 40-c are governed by the same legal standards as federal ADA claims); *Kreisler v. Second Ave. Diner Corp.*, 10-cv-7592 (RJS), 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012) (applying the same standard under ADA and NYCHRL where parties had provided no reason to believe standards under two laws were different); *Broderick v. Research Found. Of State Univ. of N.Y.*, 10-cv-3612 (JS) (ETB), 2010 WL 3173832, at *2 (E.D.N.Y. Aug. 11, 2010) (analyzing ADA, NYSHRL, and NYCHRL and noting that "[r]egardless of the statute sued under, the same standards apply."). Based on the foregoing, if the Court dismisses Plaintiff's federal ADA claim, it should also dismiss, the derivative state and city claims, or decline to exercise supplemental jurisdiction over those claims.

### IV.     CONCLUSION

Notwithstanding the *eighty-plus* cases Plaintiff's counsel has filed, Defendant has not uncovered a *single* case where these issues were decided on the merits. Defendant seeks a determination on the merits to both vindicate itself, as well as to help stop this predatory cottage industry in its tracks. For all the reasons stated above, we request the Action be dismissed with prejudice and any other relief the Court deems appropriate. We thank the Court for its consideration of the foregoing.

Respectfully Submitted,

/s/  Justin R. Marino
Justin R. Marino
*Attorneys for Defendant*

cc: Plaintiff's Counsel (via ECF only)